**UNITED STATES of America,**
**Appellee,**

v.

**Ronald ALDRICH, Defendant–**
**Appellant.**

**No. 04–3608–CR.**

United States Court of Appeals,
Second Circuit.

Nov. 4, 2004.

**20**

Kurt M. Hughes, Murdoch & Hughes, P.C., Burlington, VT, for Defendant–Appellant.

David V. Kirby, Acting United States Attorney, District of Vermont (Tristram J. Coffin, Assistant United States Attorney, on the brief), Burlington, VT, for Appellee.

Present: WALKER, Chief Judge, LEVAL, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the order of the district court is **AFFIRMED.**

Defendant-appellant Ronald Aldrich appeals, pursuant to Fed. R.App. P. 9(a), the April 13, 2004, order of the United States District Court for the District of Vermont (William K. Sessions, III, *Chief Judge*) revoking his pretrial release and ordering him detained pending trial.

On October 27, 2003, the government filed a complaint charging Aldrich with violating 21 U.S.C. §§ 841(a)(1) and 846. On October 28, 2003, he was released pending trial on conditions specified in the order of Magistrate Judge Jerome J. Niedermeier. Those conditions remained in force through April 9, 2004, when the government arrested Aldrich on a superseding indictment that charged him with violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On April 9, 2004, the government rearrested Aldrich and moved to revoke his pretrial release and to detain him pending trial on the superseding indictment. On April 12, 2004, Magistrate Judge Niedermeier denied the government's motion and ordered Aldrich released on specified conditions, but stayed his order to allow the government to appeal to the district court. On April 13, 2004, after an evidentiary hearing, Chief Judge Sessions granted the government's motion to revoke Aldrich's pretrial release and ordered him detained pending trial. Aldrich appeals this order.

Under 18 U.S.C. § 3148(b), the district court shall revoke a defendant's pretrial release if "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," § 3148(b)(2)(A), and the court finds either "(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release," § 3148(b)(1). The district court heard testimony that while Aldrich was on release, one of his

associates, Mark Willey, had collected and was actively attempting to collect tens of thousands of dollars owed to Aldrich by a drug buyer. The government also proffered phone records linking Aldrich to Willey and, through a state trooper, Willey's statement that he collected money on Aldrich's behalf. Aldrich did not object to those portions of the proffer.

We review for clear error the district court's findings of fact with respect to an order of pretrial release or detention. *See United States v. LaFontaine,* 210 F.3d 125, 130 (2d Cir.2000). The district court did not clearly err in finding that Aldrich was an active member of a drug-selling conspiracy while he was on pretrial release. Based on this factual finding, the court had *both* probable cause to believe that Aldrich committed a federal crime while on release, *and* clear and convincing evidence that Aldrich violated a condition of his release. Further, the district court also did not clearly err in finding that Aldrich was both a flight risk and a danger to the community and that no conditions of release could ensure both his appearance and the community's safety. Finally, Aldrich's pretrial detention does not violate his due-process rights.

For the foregoing reasons, the order of the district court is hereby **AFFIRMED.**